**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1778

ANDREA JACKSON CANNON,

              Plaintiff - Appellant,

         v.

WELLS FARGO BANK, NATIONAL ASSOCIATION, and Affiliate, Wells
Fargo Insurance Corporation,

              Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:12-
cv-00377-RWT)

Submitted:  January 31, 2013          Decided:  February 11, 2013

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harry T. Spikes, Sr., Washington, D.C., for Appellant.  Russell
J. Pope, TREANOR POPE & HUGHES, P.A., Towson, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrea Jackson Cannon, a property owner in Fort Washington, Maryland, brought a civil action against Wells Fargo Bank, the servicer of her mortgage, alleging breach of contract and related tort claims based on Wells Fargo's procurement of Lender Placed Insurance (LPI) on her property. The district court granted Wells Fargo's motion to dismiss Cannon's amended complaint for failure to state a claim upon which relief can be granted. Cannon appeals the district court's order dismissing her civil action. We affirm.

We review de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179–80 (4th Cir. 2009), and note that, to survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

On appeal, Cannon complains that the district court considered exhibits outside the pleadings and thereby improperly converted the motion to dismiss into one for summary judgment. Our review of the record leads us to conclude that the district court did not rely upon the challenged exhibits in reaching its decision to grant the motion to dismiss.

2

Cannon next argues that the district court erroneously dismissed her tort claims. However, Cannon alleged no extraordinary circumstances that would justify finding Wells Fargo owed her a duty in tort beyond the written contract between the parties. See Silver Hill Station Ltd. P'ship v. HSA/Wexford Bancgroup, LLC, 158 F. Supp. 2d 631, 640 (D. Md. 2001); Jacques v. First Nat'l Bank of Md., 515 A.2d 756, 759 (Md. 1986). Moreover, Cannon failed to plead her claims of fraud with the required particularity. See Fed. R. Civ. P. 9(b).

Cannon contends that the district court erred in dismissing her breach of contract claim without considering that the doctrine of good faith and fair dealing would require Wells Fargo to seek competitive rates for LPI coverage. Cannon further argues that Wells Fargo was required to provide her with notice of its intent to obtain LPI coverage. Because the terms of the Deed of Trust directly contradict Cannon's arguments, we conclude that her claims lack merit.

Finally, Cannon contests the district court's conclusion that the property at issue was commercial in nature and outside the purview of the Maryland Consumer Protection Act. However, Cannon offers no facts or argument in support of her conclusory claim, and we therefore deem the issue to be waived.

3

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED